```
___ FILED   _X_ LODGED
___ RECEIVED ___ COPY

   JUN 2 7 2005

 CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____B. DEPUTY
```

```
___ FILED   ___ LODGED
___ RECEIVED ___ COPY

   JUL 0 7 2005

 CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____P DEPUTY
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

Plaintiff,

vs.

COMPLETE SKYCAP SERVICES, INC., a corporation; JAMES B. B. FONTENET, an individual; and DARLENE FONTENET, an individual,

Defendants.

No.: CV-

CV'05 1931 PHX EHC

CONSENT JUDGMENT BETWEEN SECRETARY OF SECRETARY OF LABOR AND COMPLETE SKYCAP SERVICES, INC., JAMES B. B. FONTENET, and DARLENE FONTENET

Having considered the Settlement Agreement agreed to between Plaintiff ELAINE L. CHAO, Secretary of the United States Department of Labor (the "Secretary"), and Defendants COMPLETE SKYCAP SERVICES, INC., a corporation; JAMES B. B. FONTENET, an individual; and DARLENE FONTENET, an individual (the "Defendants"), in which the Defendants waived their right to file an answer or other responsive pleading to the Secretary's Complaint on file in this action and expressly waived Findings of Fact and

CONSENT JUDGMENT — Page 1

Conclusions of Law, and consent to the entry of this proposed Consent Judgment, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. The Court has jurisdiction over the parties to this Consent Judgment and the subject matter of this civil action and is empowered to provide the relief herein.

2. Defendants, COMPLETE SKYCAP SERVICES, INC., a corporation; JAMES B. B. FONTENET, an individual; and DARLENE FONTENET, an individual; their officers, agents, servants, and employees and all persons acting or claiming to act in their behalf and interest be, and hereby are permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), hereinafter referred to as the Act, in the following manner:

3. Defendants will not, contrary to Section 6 of the Act, employ any of their employees engaged in commerce or in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, at wages less than the applicable minimum wage; and

4. Defendants will not fail to make, keep and preserve records of their employees, and of the wages, hours, and other conditions and practices of employment maintained by them, as prescribed by the regulations of the Administrator of the Wage and Hour Division, United States Department of Labor, issued and from time to time amended, pursuant to Section 11(c) of the

Act and found in 29 C.F.R. § 516.

5. The parties agree that Plaintiff recover from the Defendants COMPLETE SKYCAP SERVICES, INC., a corporation; JAMES B. B. FONTENET, an individual; and DARLENE FONTENET, an individual, in payments to and for employees as detailed herein, the sum of $74,646.41 for minimum wage underpayments and liquidated damages due their employees, identified on Exhibit "A" for the periods identified thereon, within thirty days of the entry of the Consent Judgment, in the form of a cashier check or money order made payable to the order of Wage and Hour Division – U.S. Department of Labor and forwarded to:

> U.S. Department of Labor/ESA
> Wage – Hour District Office
> Attn: Susan Nern
> 230 N. First Ave., Suite 402
> Phoenix, Arizona  85003-1725

6. Plaintiff shall distribute the monies forwarded to it by Defendants under this Judgment to the employees or to their estates if that is necessary. Any money not so paid within three (3) years because of inability to locate said employee or because of his refusal to accept said proceeds shall be deposited forthwith with the Treasurer of the United States pursuant to 28 U.S.C. § 2041.

7. Additionally, pursuant to 16(e) of the Fair Labor Standards Act and consistent with 29 C.F.R. 580, the Plaintiff agrees not to impose a Civil Money Penalty for the Defendants' violations of the monetary and recordkeeping violations.

8. It is further ordered that the rights, if any, of Defendants' employees or ex-employees other than those named in Exhibit A attached to the Settlement Agreement are neither affected nor extinguished by the judgment and neither party to this action intends or contemplates that the judgment entered in this action will affect such rights.

9. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

DATED this __5__ day of __July__, 2005.

_____
United States District or Magistrate Judge

Presented by:

HOWARD M. RADZELY
Solicitor of Labor

SUSANNE LEWALD
Regional Solicitor

ROCHELLE KLEINBERG
Associate Regional Solicitor

By _Faye von Wrangel_
Faye von Wrangel, WSB #3174
Senior Trial Attorney

Dated: June 3, 2005

Attorneys for Plaintiff
Elaine L. Chao, Secretary
United States Department of Labor

ENTRY OF THIS JUDGMENT IS

HEREBY CONSENTED TO AND
NOTICE OF PRESENTATION IS WAIVED

STEPTOE & JOHNSON LLP

By _[signature]_
David C. Kresin, Arizona Bar # 019858

Collier Center
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004-2382
(602) 257-5299

Attorney for Defendants

Dated: June 15, 2005

CONSENT JUDGMENT — Page 5